

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# Hohn v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4727

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hohn v. Atty Gen USA" (2005). *2005 Decisions.* Paper 80.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/80

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4727

_____

DAVID LENWORTH HOHN,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A29-866-663

_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2005

_____

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and POLLAK,<sup>*</sup> <u>District Judge</u>

_____

(Opinion Filed: December 20, 2005)

_____

OPINION

_____

BARRY, <u>Circuit Judge</u>

      David Lenworth Hohn, a native of Jamaica and citizen of both Jamaica and

_____

    <sup>*</sup>The Honorable Louis H. Pollak, District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

Canada, seeks review of a Board of Immigration Appeals ("BIA") decision pretermitting his application for cancellation of removal under the Immigration and Naturalization Act ("INA") § 240A(a), 8 U.S.C. § 1229b(a). Because we write primarily for the parties in this matter, we will dispense with a full recitation of the facts and limit our discussion only to those facts necessary to reach our decision.

Hohn initially entered the United States on a visitor's visa in 1987. In September 1990, he was convicted of conspiracy to transport aliens, in violation of 8 U.S.C. § 1324(a)(1)(B). Despite this conviction, Hohn became a lawful permanent resident in July 1993. In January 2000, he was convicted in the Superior Court, Essex County, New Jersey, of one count of Possession of a Controlled Dangerous Substance and two counts of Possession of a Weapon in the Third Degree. He was sentenced to 364 days in the Essex County Jail. Sometime following his release from prison, Hohn left the United States, apparently voluntarily. On August 30, 2001, he returned, arriving at Newark Airport on a flight from Jamaica. He applied for admission as a returning lawful permanent resident. In October 2001, the Immigration and Naturalization Service ("INS") instituted removal proceedings against him on the ground that he was inadmissible under INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1882(a)(2)(A)(i)(II), as an alien convicted of a controlled substance violation. At the hearing before the Immigration Judge ("IJ"), Hohn conceded removability, but applied for cancellation of removal under INA § 240(A)(a), 8 U.S.C. §1229b(a). The IJ denied Hohn's application, and the BIA

2

affirmed without opinion.[1]

To be eligible for cancellation of removal under § 240(A)(a), the petitioner must show that he or she: (1) has been an alien lawfully admitted for permanent residence for at least five years; (2) has resided in the United States continuously for seven years; and (3) has not been convicted of an aggravated felony.  INA § 241(A)(a), 8 U.S.C. §1229b(a).  Failure to satisfy any one of these requirements renders the petitioner ineligible for relief.  The IJ found that Hohn failed to satisfy both the second and third requirements.  First, the IJ determined that Hohn's 1990 conviction for conspiracy to transport aliens constituted a conviction for an aggravated felony, which rendered him ineligible for relief under INA § 240(A)(a)(3).  Second, the IJ found that Hohn failed to prove seven years of continuous physical presence in the country as required by INA § 241(A)(a)(2).  Hohn challenges both of these findings.

Under 8 U.S.C. § 1252(a)(2)(C), where no constitutional claim or question of law has been raised,  we lack jurisdiction to review "any final order of removal against an alien who is removable" because of a controlled substance violation.  However, the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, restored direct review of constitutional claims and questions of law presented in petitions for review of final removal orders.  8 U.S.C. § 1252(a)(2)(D).  Hohn does not dispute that he is subject to

---

[1] "[W]here the BIA directs us to the opinion and decision of the IJ who originally assessed [the] application, we review the IJ's opinion." *Dia v. Ashcroft*, 353 F.3d 228, 240 (3d Cir. 2003) (en banc).

removal as a controlled substance violator. "Thus, examining each of [Hohn's] present claims, we are limited to 'pure questions of law,' and to 'issues of application of law to fact, where the facts are undisputed and not the subject of challenge.'" *Kamara v. AG of the United States*, 420 F.3d 202, 211 (3d Cir. 2005) (quoting *Bakhtriger v. Elwood*, 360 F.3d 414, 420 (3d Cir. 2004)).

With respect to the IJ's determination that Hohn failed to prove seven years of continuous residence, Hohn does not claim a constitutional violation or an error in the application of the statutory standard. Rather, he argues that the factual record does not support the IJ's finding. Specifically, he claims that "the IJ improperly ignored substantial evidence in the record of the Petitioner's seven years of continuous residence after admission in any status." Appellant's Br. at 8. This is a factual question, which is beyond the scope of our jurisdiction under 8 U.S.C. § 1252(a)(2)(C)-(D). *See Bakhtriger v. Elwood*, 360 F.3d 414, 425 (3d Cir. 2004) (petitioner's argument that the factual record did not support the IJ's finding was a factual issue which was "squarely on the forbidden side of the line").

Because we lack jurisdiction to review the continuous residence claim, the BIA's affirmance of the IJ's decision that Hohn is ineligible for relief because he failed to prove seven years continuous residence will stand. This finding alone is sufficient to render Hohn ineligible for cancellation of removal under § 241(A)(a). It is, therefore, unnecessary for us to address Hohn's argument that the IJ erred in finding that the 1990

4

conviction was for an aggravated felony, thus precluding him from seeking cancellation. Accordingly, we decline to do so.

For the foregoing reasons, we will deny Hohn's petition for review.